IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 20, 2012 Session

IN THE MATTER OF: ESTATE OF JOHN J. GOZA

Direct Appeal from the Probate Court for Shelby County
No. D-10567      Robert Benham, Judge

No. W2011-01303-COA-R3-CV- Filed April 11, 2012

The trial court determined that Petitioner's petition to turn over assets was barred by the doctrine of res judicata.  We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the Petitioner/Appellant, David Morrow.

Kenneth P. Jones, and M. Matthew Thornton, Memphis, Tennessee, for the Respondent/Appellee, SunTrust Bank.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young Solicitor General and Janet M. Kleinfelter, Deputy Attorney General, for the Intervenor/Appellee, Attorney General and Reporter.

OPINION

This appeal arises from the trial court's denial of a petition to turn over assets filed by Petitioner/Appellant David Morrow (Mr. Morrow) as the Administrator of the Estate of John J. Goza (Mr. Goza) in the Probate Court of Shelby County in December 2010.  It is the second time the matter of Mr. Goza's estate has been before this Court.  The underlying substantive issue of this dispute is the construction of a trust established by Mr. Goza's mother, Helen B. Goza (Ms. Goza), in 1991 ("the Trust") and amended by "Amended and Restated Revocable Trust Agreement[s]" in March 1999 ("the March Agreement") and April 1999 ("the April Agreement").  Mr. Morrow admits the authenticity of the March and April

Agreements, but asserts that the April Agreement is not valid under Tennessee Code Annotated § 32-1-104. He asserts that the Trust as amended and restated in the March Agreement accordingly controls. He further asserts that the March Agreement failed to provide for the disposition of assets remaining after Mr. Goza's death, and that these assets rightfully should pass to Mr. Goza's estate, and not to a perpetual trust benefitting organizations serving the mentally disabled as directed in the April Agreement. The trial court denied Mr. Morrow's petition on the grounds that it was barred by the doctrine of *res judicata* and was contrary to the law of the case in light of our holding in *Morrow v. SunTrust Bank*, No. W2010–01547–COA–R3–CV, 2011 WL 334507 (Tenn. Ct. App. Jan. 31, 2011)("*Goza I*"). The trial court denied Mr. Morrow's motion to alter or amend, and entered final judgment in the matter on July 22, 2011. Mr. Morrow filed a timely notice of appeal.

### *Issue Presented*

Mr. Morrow raises six issues for review in his brief to this Court. The issue presented by this appeal, as we restate it, is whether the probate court erred by ruling that Mr. Morrow's petition to turn over the assets of Mr. Goza's estate was barred by the doctrine of *res judicata* in light of *Goza I*.

### *Standard of Review*

Whether the trial court erred by determining that a claim is barred by the doctrine of *res judicata* presents a question of law which we review *de novo*, with no presumption of correctness. *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008).

### *Background*

The background facts giving rise to this dispute are fully examined in *Goza I*, and we restate them only briefly here. *Goza I* arose from a complaint for declaratory judgment filed against SunTrust Bank ("SunTrust"), Trustee, by Mr. Morrow and Judy M. Wright (Ms. Wright) in the Chancery Court for Shelby County. In their complaint, Mr. Morrow and Ms. Wright, Ms. Goza's nephew and niece, sought a declaration that the Helen B. Goza Amended and Restated Revocable Trust failed to provide for the final disposition of the residue of the Trust for John J. Goza, Ms. Goza's intellectually disabled son, who died without issue in September 2007. *Goza I*, at *2. Plaintiffs sought a declaration that the remaining assets passed by operation of law to Ms. Goza's heirs under the law of intestate succession, and for a declaration that they were Ms. Goza's sole heirs at law. *Id.* The Attorney General intervened in the matter, and moved for summary judgment on the grounds that the April Agreement superceded the March Agreement and provided for a full disposition of all assets. *Id.* Following an August 2009 hearing, the parties agreed that the validity of the April

Agreement was the dispositive issue. Following a hearing in November 2009, the trial court granted the Attorney General's motion for summary judgment and Mr. Morrow and Ms. Wright appealed.

While the appeal was pending in *Goza I*, in October 2010 Mr. Morrow filed a petition for grant of letters of administration in the Probate Court for Shelby County. In his petition, Mr. Morrow asserted that Mr. Goza had died in September 2007; that Mr. Goza was never married and had no children by birth or adoption; and that Mr. Morrow and Ms. Wright were Mr. Goza's first cousins and heirs at law. Ms. Wright filed an agreement to waive inventory, the right to serve as personal representative, and bond. The probate court granted Mr. Morrow's petition on October 21, 2010.

In December 2010, Mr. Morrow, acting as Administrator of Mr. Goza's estate, filed a petition in the probate court to require SunTrust to turn over the assets of the Trust to Mr. Goza's estate. In his petition, Mr. Morrow asserted SunTrust was not entitled to funds remaining in its control; that the Trust asserted by SunTrust did not exist; and that in the earlier proceedings SunTrust had asserted it was "neutral in the matter," despite assertions that it would follow the terms of the April Agreement unless contrary instructions were given by the court.

The probate court set the matter to be heard on February 15, 2011. Before the hearing occurred, on January 31, 2011, we issued our opinion in *Goza I*. SunTrust filed a response to Mr. Morrow's petition asserting the matter was barred by the doctrine of *res judicata* and/or the law of the case doctrine where this Court had affirmed the chancery court's determination that the April 1999 Agreement validly provided for the disposition of assets remaining in the Trust. The parties agreed to continue the matter until May 2011, and in March 2011 Mr. Morrow filed a motion to mediate. The motion was granted and the parties went to mediation in May 2011. A settlement was reached and approved by the Attorney General in accordance with Tennessee Code Annotated §§ 35-13-110 and 35-15-110.

Notwithstanding the settlement, Mr. Morrow pursued the May 2011 hearing, and the Attorney General intervened in the matter. The trial court denied the petition as being barred by *res judicata* and/or the law of the case. Mr. Morrow filed a motion to alter or amend, asserting *res judicata* did not apply to the prior declaratory judgment action and rearguing that *res judicata* does not preclude the current claim because the parties to the two actions were not identical.

On appeal, Mr. Morrow asserts the trial court erred in its determination that the present case is barred by *res judicata*. Mr. Morrow asserts the trial court misstated the facts and law applicable to this case. He further submits that the matter is not barred by *res*

*judicata* because this case is an *in rem* matter, whereas *Goza I* was an *in personam* case; because *Goza I* was a declaratory judgment case and this is an asset garnering case; and because the plaintiff in *Goza I* acted in an individual capacity and the Plaintiff here is acting in his capacity as the Administrator of Mr. Goza's estate. The Attorney General and SunTrust (collectively, "Appellees"), on the other hand, assert the only issue in both *Goza I* and this case is whether the April Agreement provides for the disposition of assets remaining in the Trust as a matter of law. They submit that whether Mr. Morrow filed suit in his individual capacity representing Mr. Goza's heirs at law, or as the Administrator of Mr. Goza's estate, is irrelevant because both lawsuits claim the same assets on behalf of the same heirs and involve an identical issue of law. With this background in mind, we turn to the issue presented by this appeal.

### *Discussion*

We first dispense with Mr. Morrow's assertion that a declaratory judgment action cannot have a subsequent preclusive effect. It may. *Penn-America Ins. Co. v. Crittenden*, 984 S.W.2d 231, 232-33 (Tenn. App. 1998). Further, upon review of the record, we agree with Appellees that *Goza I* and the current case present a single, identical issue for adjudication by the courts: whether the April Agreement validly provides for the disposition of assets remaining in the Trust established by Ms. Goza. We also agree with Appellees that, in this case, there is privity between the parties where the Plaintiffs in both lawsuits assert their right to assets remaining in the Trust under the March Agreement. This issue was fully adjudicated in *Goza I*. In *Goza I*, we stated:

> The trial court entered a "Final Order Granting Summary Judgment" on February 2, 2010. The trial court found as follows:
>
> 1. That, at the conclusion of the hearing on August 25, 2009, the only issue to be dealt with was whether or not the Amended and Restated Revocable Trust Agreement dated April 9, 1999, was or had been authenticated and to give Plaintiffs an opportunity to review the document;
>
> 2. That there is no dispute about the fact that the Amended and Restated Revocable Trust Agreement dated April 9, 1999, had been authenticated and that an opportunity has occurred whereby depositions have been taken;
>
> 3. That, after the August 25, 2009 hearing, Plaintiffs have raised three arguments: one, the doctrine of repugnancy; two, the actions on the part of the trustee; and, three, whether or not the Amended and Restated Revocable Trust Agreement dated April 9, 1999 itself is a nullity;

4. That, with regard to the doctrine of repugnancy, the Court finds that the doctrine is not applicable to the facts of this case;

5. That, with regard to the actions of the trustee, the Court finds that it is clear that this issue did not arise until after Mr. John Goza's death, because there was no reason for it to arise. At that point, the subsequent Agreement dated April 9, 1999 was discovered. Accordingly, as to whether or not the actions of the trustee could be considered relevant to the intent of Mr. Goza, the Court finds that the timing of the actions of the trustee is such that that should not be considered;

6. That, with regard to the issue of whether the Amended and Restated Revocable Trust Agreement dated April 9, 1999 is a nullity, the issue rises and falls on whether or not the Court is going to base its decision on the initial paragraphs stating that the Agreement amends or restates the Amended and Restated Revocable Trust Agreement dated [August 16, 1991], rather than the Amended and Restated Revocable Trust Agreement dated March 9, 1999.

7. That the Tennessee Supreme Court has made it clear that this Court has to look at the entire sequence of events and agreements in making that determination. Here, we have the initial Agreement, the subsequent Amended and Restated Revocable Trust Agreement dated March 9, 1999, and subsequent to that, the Amended and Restated Revocable Trust Agreement dated April 9, 1999. The Court believes that it can take into consideration what actions Mr. Potter took, the attorney who drafted the Agreement, when he discovered that there was language missing in the Amended and Restated Revocable Trust Agreement dated March 9, 1999, and advised Mrs. Goza that that language should have been different than it was, and he drafted a subsequent Agreement, explained to her why he did it, presented it to her, and she signed it.

8. To simply abrogate Mrs. Goza's intent based on this paragraph rather than integrating the Amended and Restated Revocable Trust Agreement dated April 9, 1999, into the Amended and Restated Revocable Trust Agreement dated March 9, 1999, would be completely inapposite to what the intent of Mrs. Goza was.

9. That it was clear that the language that was contained in the Amended and Restated Revocable Trust Agreement dated April 9, 1999, provided for complete disposition and distribution of the trust assets following the death of

her son and that the language set out in the Amended and Restated Revocable Trust Agreement dated April 9, 1999, was the intent of Mr[s]. Goza and that the language in the Amended and Restated Revocable Trust Agreement dated April 9, 1999, is the language that prevails in this matter.

Based on the findings, the trial court granted the Attorney General's motion for summary judgment.

Appellants filed a motion to alter or amend the judgment, arguing for the first time, among other things, that the April 1999 Agreement was legally ineffective to create the John Goza Trust and the Perpetual Trust because the Agreement's attempt to transfer Mrs. Goza's post-death estate was a prohibited attempt to make a testamentary disposition by a document which did not comply with the requirements of Tennessee Code Annotated section 32–1–104, governing the execution of wills. Because the April 1999 Agreement was ineffective to create the purported trusts, Appellants argued, upon Mrs. Goza's death in 2001, her living trust terminated and the proceeds of such trust should have been paid into her estate for distribution to her heirs-at-law, the Appellants.

The trial court, on June 15, 2010, entered an order denying Appellants' motion to alter or amend the judgment. Appellants timely appealed from such order.

*Goza I*, at *3-5.

On appeal in *Goza I*, Mr. Morrow asserted that the trial court's judgment was "'nothing other or more than an advisory opinion of no practical benefit . . . *i.e.*, a 'judgment' of no force and no effect.'" *Id.* at *5. He asserted in *Goza I* that the trial court lacked subject matter jurisdiction to declare the efficacy of the April 1999 Agreement. *Goza I*, at *7 n. 7. We disagreed, stating that

in their supplemental response in opposition to the Attorney Genera's motion for summary judgment, Appellants argued that the April 1999 Agreement was not legally efficacious based upon both the repugnancy doctrine and their argument that the April 1999 Agreement purported to amend the nullified 1991 Trust Agreement. These arguments were specifically rejected by the trial court. . . .
Specifically, their complaint alleged, in part, the following:

On August 16, 1991, Decedent, as settlor and trustee, established the Helen B. Goza Revocable Trust.

On March 9, 1999, Decedent, as settlor and trustee, amended and restated the Goza Trust and executed the Helen B. Goza Amended and Restated Revocable Trust . . . agreement.

. . . .

Pursuant to Article III of the Amended Goza Trust, upon the death of Decedent, a trust for Decedent's son . . . was established contingent on Decedent's Son surviving Decedent.

. . . .

Decedent's Son survived Decedent.

. . . .

Decedent's Son died on September 26, 2007, with no issue.

Article III of the Amended Goza Trust fails to provide for the complete disposition of the residue or remaining assets of the Son's Trust upon the death of Decedent's Son.

Plaintiffs aver that, if a trust created by a decedent fails to provide for the final disposition of the residue of such trust, then the residue passes by operation of law to the heirs at law of Decedent according to the rules of intestate succession.

Plaintiffs aver that Plaintiffs are the sole heirs at law of Decedent.

Based on these allegations, Plaintiffs requested the court declare "that the Helen B. Goza Amended and Revocable Trust fails to provide for the final disposition of the residue of the Trust for John J. Goza[,]" that "the residue of remaining assets of the Trust for John J. Goza pass by operation of law to the heirs at law of Helen B. Goza in accordance with the Tennessee laws of intestate succession[,]" and that "Plaintiffs are the sole heirs at law of Helen B. Goza." Both SunTrust and the Attorney General denied that Appellants were entitled to any of the relief sought. We find where there existed "a justiciable controversy . . . between persons with adverse interests [,]" . . . at the time action was taken with regard to a request for declaratory judgment, such action does not become advisory simply because a contingency is raised

on appeal, particularly by the party who sought the declaratory judgment. To hold otherwise would thwart the Act's purpose of settling uncertainties.

*Id.* at *7-8 (internal citations omitted).

We agree with Appellees that the question of whether the April Agreement validly provided for the disposition of assets remaining in the Trust was fully litigated in *Goza I*, and that the probate court did not err by dismissing Mr. Morrow's petition against SunTrust. "*[R]es judicata*" broadly refers to '[a]n issue that has been definitively settled by judicial decision.'" *Regions Financial Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009) (quoting Black's Law Dictionary 1336–37 (8th ed. 2004); see *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 n. 11 (Tenn. 1995)). It is narrowly defined as a "claim preclusion doctrine that 'bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been raised in the former suit.'" *Id.* (quoting *State ex. rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000)). The party asserting that a claim is precluded carries the burden of demonstrating that 1) a court of competent jurisdiction rendered the prior judgment; 2) the same parties or their privies were involved in both lawsuits; 3) both lawsuits concerned the same cause of action; and 4) that the underlying judgment was a judgment on the merits. *Id.* (citation omitted).

The "broad definition" of r*es judicata* in a civil case also generally includes collateral estoppel, or issue preclusion. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009). Collateral estoppel "has been described as an extension of the doctrine of *res judicata*." *Id.* It applies when the issue involved in the current case already was litigated in an earlier suit between the parties or their privies, even where the suits concern different causes of action, if the determination of the issue in the earlier action was necessary to the judgment. *Id.* (citations omitted) The Tennessee Supreme Court has "cited the promotion of finality in the litigation, the conservation of judicial resources, and the prevention of inconsistent decisions as policy considerations warranting the application of collateral estoppel in civil litigation." *Id.* (citations omitted). The stated policy of the doctrine is to promote the "inherent reliability of final judgments." *Id.* The party seeking to invoke collateral estoppel carries the burden of demonstrating that the issue was determined in a previous action between the parties, that it was necessary to the judgment in the earlier action, and that a final judgment was rendered in the prior action. *Id.* (citations omitted).

"'Where the litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998)((quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). Additionally, "'different parties are in privity if they stand in the same

relationship to the subject matter of the litigation.'" *Trinity Industries, Inc. v. McKinnon Bridge Co., Inc*., 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001. In *Aclin v. Speight*, we held that a prior final construction of a Will barred the parties to the earlier Will construction action, and their privies, from relitigating title to property devised under the Will. We held that the defendants in that case were "certainly in privity" where they claimed title to the property through the original beneficiary under the Will. *Aclin v. Speight*, 611 S.W.2d 54, 55 (Tenn. App. 1980). We noted in *Aclin* that "the necessary parties then in existence were parties to the [prior] Will construction case." We stated that "[t]he judgment entered therein bound all parties thereto and those in privy. . . . That construction suit may not now be collaterally attacked." *Id.*

The dispute currently before us is identical to the dispute before us in *Goza I*. The only distinction between the two lawsuits, other than the trial courts in which they were filed, is that Mr. Morrow filed the first suit in his individual capacity and filed the second suit in his capacity as Administrator of Mr. Goza's estate. Both actions involve one identical issue of law. Plaintiffs in both lawsuits stand in the same legal relationship to the subject matter of the litigation: they claim the remaining assets of the Trust under the March Agreement, and assert the April Agreement is not valid. The issue has been decided by a court of competent jurisdiction and cannot be collaterally challenged here.

### *Holding*

In light of the forgoing, we affirm the judgment of the probate court. SunTrust, in its capacity as Trustee, requests reasonable attorney's fees and costs incurred in defending this matter on appeal. It further submits that the probate court denied its requests for attorney's fees without prejudice, essentially reserving the issue pending appeal. Upon review of the record, we note that the trial court "dismissed" SunTrust's motion for attorney's fees without prejudice, and stated that all remaining motions or petitions were "denied . . . without prejudice" so that the parties could "get on with [their] appeal."

The Code Provides:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

Tenn. Code Ann. § 35–15–1004(a)(2007). The determination of whether an award of attorney's fees is warranted under section 35–15–1004(a) lies within the sound discretion of the trial court. *Goza I*, at *8 (citing *Wachtel v. Shoney's, Inc*., 830 S.W.2d 905, 909–10

(Tenn. Ct. App. 1991)). The decision whether to award attorney's fees on appeal is within the sound discretion of this Court. *Fickle v. Fickle*, 287 S.W.3d 723, 738 (Tenn. Ct. App. 2008). In light of the entirety of the record, we award SunTrust its reasonable attorney's fees incurred on appeal. Because the probate court has not exercised its discretion on this issue, we remand this matter to the probate court to determine whether attorney's fees and costs are warranted in this case. Costs of this appeal are taxed to the Appellant, David Morrow, Administrator of the Estate of John J. Goza.

_____
DAVID R. FARMER, JUDGE