# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 22, 2013 Session

## IN RE: ESTATE OF JOHN J. GOZA v. JAMES M. WELLS, III, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-00447111      Robert L. Childers, Judge**

---

**No. W2012-01745-COA-R3-CV - Filed September 4, 2013**

---

The trial court dismissed this matter for lack of subject matter jurisdiction.  We affirm and grant Appellees' request for damages for a frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the Opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, Estate of John J. Goza.

Kenneth P. Jones and M. Matthew Thornton, Memphis, Tennessee, for the appellees, James M. Wells, III, Matthew G. Buyer and SunTrust Bank.

### MEMORANDUM OPINION[1]

This is the third time the question of the validity of the Helen B. Goza Amended and Restated Revocable Trust ("the Trust") has been before this Court.  In *Morrow v. SunTrust Bank*, No. W2010–01547–COA–R3–CV, 2011 WL 334507 (Tenn. Ct. App. Jan. 31,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2011)("Goza I") and *In the Matter of Estate of Goza*, 397 S.W.3d 564 (Tenn. Ct. App. 2012), *perm. app. denied*. (Tenn. Sept. 20, 2012) ("Goza II"), we held that the revocable trust established by Helen B. Goza (Ms. Goza) in 1991 and amended in 1999 was valid and provided for the complete disposition of the residue or assets remaining in the Trust following the death of Ms. Goza's mentally disabled son, John J. Goza, who died without issue in September 2007. The appeal in Goza I arose from a final judgment entered by the Chancery Court for Shelby County, and the appeal in Goza II arose from a final judgment entered by the Shelby County Probate Court. In both cases, SunTrust Bank was named as Defendant. In September 2011, after we issued our opinion in Goza I, and while Goza II was pending in this Court, Plaintiff/Appellant Estate of John J. Goza (hereinafter, "Appellant") filed a complaint against SunTrust Bank and James M. Wells (Mr. Wells) and Matthew Buyer (Mr. Buyer; collectively, Defendants will be referred to as "SunTrust"), SunTrust Bank officers, in the Circuit Court for Shelby County. Appellant filed an amended complaint on October 7, 2011 (hereinafter, "complaint").[2]

In December 2011, SunTrust filed a motion to dismiss or, in the alternative, to stay or for a more definite statement. In its motion, SunTrust asserted, *inter alia*, that the trial court lacked subject matter jurisdiction under Tennessee Code Annotated § 35-15-203 where the case concerned the administration of a trust. It accordingly moved for dismissal pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure.

Following a hearing on February 17, 2012, the trial court granted SunTrust's motion to dismiss for lack of subject matter jurisdiction by order entered June 22, 2012. The trial court filed an amended order of dismissal on July 16, 2012. In its final order, the trial court stated that all claims asserted in Appellant's complaint were premised on the non-existence of the Trust and "grounded on the contention that the Perpetual Trust was never created and, therefore, does not exist." The trial court noted that in order to have subject matter jurisdiction to adjudicate Appellant's claim, it must first determine whether the Trust existed. The trial court held that the question had already been determined by this Court, that the issue was *res judicata*, and that it lacked subject matter jurisdiction under Tennessee Code Annotated § 35-15-203. The trial court accordingly dismissed the matter. The trial court denied several post-judgment motions, and Appellant filed a notice of appeal to this Court on August 15, 2012.

***Discussion***

Appellant raises five issues for our review. Because the trial court dismissed this

---

[2]Appellant also named R. Michael Potter (Mr. Potter) as a Defendant. Mr. Potter was dismissed from the matter by order entered January 30, 2012.

matter for lack of subject matter jurisdiction, however, the sole issue now before this Court is whether the trial court erred by determining that it did not have subject matter jurisdiction. This issue presents a question of law that we review *de novo* with no presumption of correctness. *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 602 (Tenn. 2013)(citations omitted).

We begin our discussion by noting that, as the trial court observed, the claims asserted in Appellant's complaint are predicated on the assertion that the Trust did not exist or was invalid. Further, Appellant does not dispute that if a valid Trust exists, the circuit court lacked jurisdiction over this matter pursuant to Tennessee Code Annotated § 35-15-203.[3] Appellant's arguments here, as we understand them, are 1) that the trial court erred by determining, at this stage of the proceedings, the "evidentiary matter" of whether a valid trust exists notwithstanding this Court's holdings in Goza I and Goza II; 2) that the trial court erred by failing to convert SunTrust's motion to dismiss for lack of subject matter to a motion for summary judgment where the court considered matters outside the pleadings; and 3) that the trial court erred by not viewing the facts in a light most favorable to Appellant. Appellant contends that the trial court erred by considering the "fact" of this Court's holding in *Goza II* when determining whether it had subject matter jurisdiction where the fact was not contained in its complaint. Appellant also contends that the trial court should have considered SunTrust's motion under the standard applicable to a 12.02(6) motion or a motion for summary judgment. Appellant further asserts that the doctrine of *res judicata* does not preclude litigation of the question of whether a valid trust exists in the current action. We disagree with all of Appellant's contentions.

This Court has previously examined the significant differences between a Tennessee Rule of Civil Procedure 12.02(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12.02(6) motion to dismiss for failure to state a claim, and has explained in detail that a trial court considering a motion to dismiss for lack of subject matter jurisdiction must necessarily resolve some factual matters in order to "determine whether the evidence in favor

---

[3]The section provides:

Chancery courts and other courts of record having probate jurisdiction:
    (1) To the exclusion of all other courts, have concurrent jurisdiction over proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust; and
    (2) Have concurrent jurisdiction with other courts of record in this state over other proceedings involving a trust.

The statute was amended effective May 9, 2012.

of finding jurisdiction is sufficient to allow the case to proceed." *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001); *Wilson v. Sentence Information Services*, M1998-00939-COA-R3-CV, 2001 WL 422966 (Tenn. Ct. App. April 26, 2001). In *Wilson*, now Justice Koch thoroughly addressed the arguments that Appellant appears to make in this case. Finding that analysis to be relevant in all respects to the issue now before us, we find it appropriate to fully repeat it here:

A threshold question in all cases is whether the court has jurisdiction over the lawsuit's subject matter. Because courts cannot act where jurisdiction is lacking, a trial court has an inescapable duty to determine whether the dispute is within its subject matter jurisdiction. *Edwards v. Hawks*, 189 Tenn. 17, 23, 222 S.W.2d 28, 31 (1949); *State v. Seagraves*, 837 S.W.2d 615, 617 (Tenn. Crim. App. 1992). When a court lacks subject matter jurisdiction over the case, it must dismiss the case without reaching the merits of the complaint. *Scales v. Winston*, 760 S.W.2d 952, 953-54 (Tenn. Ct. App. 1988).

Motions to dismiss under Tenn. R. Civ. P. 12.02(1) differ significantly from Tenn. R. Civ. P. 1 2.02(6) motions to dismiss for failure to state a claim upon which relief can be granted. While a motion to dismiss for failure to state a claim requires the court to reach the complaint's merits, the other preliminary motions enumerated in Rule 12 deal with procedural defects apart from the underlying merits of the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n.*, 549 F.2d 884, 891 (3rd Cir. 1977). Because a motion to dismiss for failure to state a claim adjudicates both the legal and factual merits of a plaintiff's suit, courts considering these motions afford plaintiffs the safeguard of assuming as true all the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999)*; Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 275 (Tenn. Ct. App. 1999). If either or both parties submit evidentiary materials outside the pleadings either in support of or in opposition to a Tenn. R. Civ. P. 12.02(6) motion and if the trial court decides to consider these materials, the trial court must convert the motion to dismiss to a motion for summary judgment, *Pacific Eastern Corp. v. Gulf Life Holding Co.*, 902 S.W.2d at 952, and the court must notify the parties that it has made the conversion. *Teaster v. Tennessee Dep't of Corr.*, No. 01A01-9608-CH-00358, 1998 WL 195963, at *3-4 (Tenn. Ct .App. Apr. 24, 1998) (No Tenn. R. App. P. 11 application filed). Once a motion to dismiss is converted to a motion for summary judgment, the trial court must deny the motion if there exists any dispute about the material facts of the case. *Byrd v. Hall*, 847 S.W.2d at 211*; Pate v. Service Merchandise Co.*, 959 S.W.2d 569, 573 (Tenn. Ct. App.1996).

-4-

*However, as the Tennessee Supreme Court has recently pointed out, motions to dismiss merely on jurisdictional grounds are not converted to summary judgment motions when material factual disputes arise. Chenault v. Walker, 36 S.W.3d 45, 55 (Tenn. 2001). Courts faced with a motion to dismiss for lack of jurisdiction must make some kind of factual resolution allowing the court either to grant or to deny the motion. In the court's words, courts confronted with such motions must "determine whether the evidence in favor of finding jurisdiction is sufficient to allow the case to proceed." Chenault v. Walker, 36 S.W.3d at 56.*

*In considering the sufficiency of the evidence at the motion to dismiss stage, the trial court must keep in mind that the plaintiff bears the burden of proving facts establishing that the court has jurisdiction. When a defendant has filed affidavits or other competent evidentiary materials challenging the case's underlying jurisdictional facts, the plaintiff may not rely on the complaint but must make a prima facie showing of facts that establish jurisdiction. To do so, the plaintiff may submit affidavits or other helpful evidence. Tenn. R. Civ. P. 43.02; Chenault v. Walker, 36 S.W.3d at 56. When evaluating the case at that stage, the trial court "will take as true the allegations of the nonmoving party and resolve all factual disputes in its favor ... [without crediting] conclusory allegations or draw[ing] farfetched inferences." Chenault v. Walker, 36 S.W.3d at 56. In doing so, however, the court does "not make any finding as to whether [the plaintiff's] version of events is, in fact, correct. That will be for a jury to decide if the case goes to trial." Chenault v. Walker, 36 S.W.3d at 56.*

While *Chenault v. Walker* sets out most of the rules for deciding preliminary motions to dismiss, it does not perfectly fit this case. In cases where the parties have invoked their constitutional right to trial by jury, a trial court may not, on its own, make factual findings regarding the merits of the underlying claim. Tenn. R. Civ. P. 39.01. Still, a trial court must decide certain factual disputes involving merely incidental motions in such cases. By incidental motions, we mean motions that do not reach a case's merits. Preliminary motions to dismiss, other than Tenn. R. Civ. P. 12.02(6) motions, do not involve the merits of the underlying claim. Parties losing these motions ordinarily may remedy the defect causing the dismissal of their suit and, as the poet said, "live to fight another day." Accordingly, it is well-settled that preliminary motions, including motions to dismiss for want of jurisdiction, and the facts underlying such motions, may be decided by the court alone. *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537-38, 115

S.Ct. 1043, 1050 (1995); *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir.1997); *Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir.1986).

> On the specific facts of *Chenault v. Walker*, the Tennessee Supreme Court declined to settle definitively on the plaintiff's factual version of the defendant's conduct at the motion to dismiss stage. Had the court done so, it would have simultaneously adjudged facts that also went to the merits of the plaintiff's underlying claim that the defendant had engaged in conspiracy. For this reason, the court concluded that "[W]e do not make any finding as to whether [the plaintiff's] version of events is, in fact, correct. That will be for a jury to decide...." *Chenault v. Walker*, 36 S.W.3d at 56.

*Wilson v. Sentence Information Services*, M1998-00939-COA-R3-CV, 2001 WL 422966, at *4-5 (Tenn. Ct. App. April 26, 2001)(footnotes omitted)(emphasis added).

As in *Wilson*, in the current case, the "fact" upon which the trial court based its determination that it did not have jurisdiction was not intertwined with the factual issues underlying the merits of Appellant's claim. Whether or not a trust in fact exists does not affect Appellant's claim that Appellees committed a wrongful or tortious act. Rather, that determination governs only whether Appellant filed its current action in the proper court. This Court has twice held that the Helen B. Goza Amended and Restated Revocable Trust is a valid trust that provided for the final disposition of the residue of the Trust for John J. Goza, who died without issue in September 2007. *Estate of Goza*, 397 S.W.3d 564 (Tenn. Ct. App 2012).

We must also disagree with Appellant's contention that this conclusion arises from an inappropriate application of the doctrine of *res judicata* where the parties in Goza I and Goza II are not in privity. As noted in Goza II:

> " [R]es judicata " broadly refers to '[a]n issue that has been definitively settled by judicial decision.' *Regions Financial Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 392 (Tenn. Ct. App.2009) (quoting Black's Law Dictionary 1336–37 (8th ed.2004); *see Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 n. 11 (Tenn. 1995)). It is narrowly defined as a "claim preclusion doctrine that 'bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been raised in the former suit.'" *Id*. (quoting *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000)). The party asserting that a claim is precluded carries the burden of demonstrating that 1) a court of competent

jurisdiction rendered the prior judgment; 2) the same parties or their privies were involved in both lawsuits; 3) both lawsuits concerned the same cause of action; and 4) that the underlying judgment was a judgment on the merits. *Id.* (citation omitted).

The "broad definition" of *res judicata* in a civil case also generally includes collateral estoppel, or issue preclusion. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009). Collateral estoppel "has been described as an extension of the doctrine of res judicata." *Id.* It applies when the issue involved in the current case already was litigated in an earlier suit between the parties or their privies, even where the suits concern different causes of action, if the determination of the issue in the earlier action was necessary to the judgment. *Id.* (citations omitted). The Tennessee Supreme Court has "cited the promotion of finality in the litigation, the conservation of judicial resources, and the prevention of inconsistent decisions as policy considerations warranting the application of collateral estoppel in civil litigation." *Id.* (citations omitted). The stated policy of the doctrine is to promote the "inherent reliability of final judgments." *Id.* The party seeking to invoke collateral estoppel carries the burden of demonstrating that the issue was determined in a previous action between the parties, that it was necessary to the judgment in the earlier action, and that a final judgment was rendered in the prior action. *Id.* (citations omitted).

"'Where the litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.' " *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998)(quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)). Additionally, " 'different parties are in privity if they stand in the same relationship to the subject matter of the litigation.' " *Trinity Industries, Inc. v. McKinnon Bridge Co., Inc.*, 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001). In *Aclin v. Speight*, we held that a prior final construction of a Will barred the parties to the earlier Will construction action, and their privies, from relitigating title to property devised under the Will. We held that the defendants in that case were "certainly in privity" where they claimed title to the property through the original beneficiary under the Will. *Aclin v. Speight*, 611 S.W.2d 54, 55 (Tenn. App.1980). We noted in *Aclin* that "the necessary parties then in existence were parties to the [prior] Will construction case." We stated that "[t]he judgment entered therein bound all parties thereto and those in privy.... That construction suit may not now be collaterally attacked." *Id.*

*Estate of Goza*, 397 S.W.3d at 570-71. In Goza II, we noted that the disputed issue was identical to the issue presented by Goza I. *Id.* at 571. We stated, "[t]he only distinction between the two lawsuits, other than the trial courts in which they were filed, is that Mr. Morrow filed the first suit in his individual capacity and filed the second suit in his capacity as Administrator of Mr. Goza's estate" rather than in his personal capacity. *Id.* We observed that Goza I and Goza II involved the identical issue of law, and that the Plaintiffs stood in the same relationship to the subject matter. *Id.* Similarly, that the named Plaintiff in the current action is the Estate rather than the administrator on behalf of the Estate is immaterial where both stand in the same relationship to the subject matter. The issue upon which the trial court determined that it did not have subject matter jurisdiction in this case, namely, the existence of a valid trust, has been decided twice by this Court and cannot be collaterally challenged here. Accordingly, the trial court did not err by dismissing the matter for lack of subject matter jurisdiction pursuant to Tennessee Code Annotated § 35-15-203.

We turn next to SunTrust's prayer for an award of reasonable attorneys' fees and costs pursuant to Tennessee Code Annotated § 27-1-122 as damages for a frivolous appeal. "Successful litigants should not have to bear the expense and vexation of a groundless appeals." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). Nor should this Court.

We neither interpret nor apply Tennessee Code Annotated § 27-1-122 so strictly as "to discourage legitimate appeals." *Id.* However, in light of the foregoing analysis provided by this court over a decade ago in *Wilson*; the considerable body of case law addressing the courts' obligation to determine whether it has jurisdiction as a fundamental threshold matter; the undisputed statutory provisions that the existence of a valid trust would preclude jurisdiction by the circuit court in this matter; and, most significantly, this Court's holdings in Goza I and Goza II, we agree with SunTrust that this appeal had no reasonable chance of success. Appellant has simply attempted to re-litigate the issue of whether the Trust is valid despite holdings in the probate and chancery courts, two determinations by this Court, and the supreme court's denial of Appellant's application to appeal to that Court. Appellant has thereby depleted the funds held in the Trust for the benefit of the mentally disabled, and caused needless expense of resources. The record of the proceedings in the trial court in the current case alone is comprised of a ten-volume technical record and four volumes of exhibits. The question raised by this appeal was settled with finality by Goza I in January 2011. We accordingly find this is an appropriate case for an award of damages for a frivolous appeal. SunTrust is awarded reasonable attorneys' fees and costs pursuant to Tennessee Code Annotated § 27-1-122.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Appellees SunTrust Bank, Matthew Buyer, and James M. Wells, III, are awarded damages for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122. Costs on appeal are taxed to the Appellant, Estate of John J. Goza, and its surety, for which execution may issue if necessary. This matter is remanded to the trial court to assess damages pursuant to section 27-1-122 and for the collection of costs.

_____
DAVID R. FARMER, JUDGE