# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 22, 2014 Session Heard at Nashville

## IN RE: ESTATE OF JOHN J. GOZA

### Direct Appeal from the Probate Court for Shelby County
### No. D-10567     Kathleen N. Gomes, Judge

---

### No. W2013-00678-COA-R3-CV - Filed December 19, 2014

---

This is an appeal from a probate court order denying the request of an estate's personal administrator to resign and be replaced by his attorney. This matter came to the probate court on remand from the court of appeals for the sole purpose of resolving issues related to an award of attorney's fees. Before the probate court addressed the issue of attorney's fees, the personal representative filed a motion seeking to resign as personal representative and have his attorney appointed in his place. The court entered an order denying the motion, and the Estate appealed. We find that the probate court's denial of the personal representative's motion to resign was within its discretion. We therefore affirm the judgment of the probate court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, The Estate of John J. Goza.

Kenneth P. Jones and M. Matthew Thornton, Memphis, Tennessee, for the appellee, SunTrust Bank, N.A.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

## I. BACKGROUND AND PROCEDURAL HISTORY

This case has an unusual procedural history. As this is hardly the first time that matters related to the Estate of John J. Goza have come before this Court, we briefly restate the underlying facts giving rise to this appeal. For a more thorough recitation of the facts underlying this case, see this Court's opinion in *Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3-CV, 2011 WL 334507 (Tenn. Ct. App. Jan. 31, 2011) (*no perm. app. filed*) ("*Goza I*").

In 1991, Helen B. Goza executed a Trust Agreement that created a Living Trust. *Goza I*, at *1. The Trust Agreement provided that the trust's assets be used for her benefit and for the benefit of her mentally disabled son, John J. Goza, during each of their lifetimes. *Id.* Ms. Goza amended the Trust Agreement in March 1999 and April 1999. *Id.* at *1-2. The March 1999 amendment provided that if John Goza survived Ms. Goza, the Trustee should, upon her death, set aside a portion of the trust estate in a separate trust for the benefit of John during his lifetime, with the balance of the estate distributed to a Perpetual Trust for the benefit of organizations providing services to the mentally handicapped. *Id.* at *1. However, the March 1999 amendment failed to provide for a complete disposition of the assets remaining in the separate trust at John Goza's death. *Id.* The April 1999 amendment provided that upon John Goza's death, $5,000 from the separate trust should be disbursed to the American Diabetes Association, with the remaining balance of the estate going into the Perpetual Trust benefitting organizations that serve the mentally handicapped. *Id.* at *2. Helen Goza died in May 2001 survived by her son. *Id.* John Goza died in September 2007 without issue. *Id.*

*Goza I* arose from a complaint for declaratory judgment filed against the Trustee of the Perpetual Trust, SunTrust Bank ("SunTrust"), by David L. Morrow and Judy M. Wright in Shelby County Chancery Court. *Id.* Mr. Morrow and Ms. Wright, Ms. Goza's nephew and niece, sought a declaration that the March 1999 Agreement failed to provide a complete disposition of the assets remaining in the separate trust at John Goza's death and, therefore, those should pass to them as Helen Goza's heirs according to the rules of intestate succession. *Id.* The Attorney General intervened and filed a motion for summary judgment on the grounds that the April 1999 Agreement superceded the March 1999 amendment and provided for a full disposition of the assets. *Id.* In response, Mr. Morrow and Ms. Wright requested summary judgment be granted in their favor declaring the April 1999 Agreement null and void because it altered the unambiguous statement of Ms. Goza's intent in the March 1999 amendment. *Id.* at *3. Following two hearings on the motions, the chancery court granted the Attorney General's motion for summary judgment in February 2010. *Id.* at *4.

The chancery court found that the entire sequence of events showed Ms. Goza's intent was to provide a complete disposition of the trust assets to the Perpetual Trust at John Goza's death. *Id.* After the chancery court denied a motion to alter or amend the judgment in June 2010, Mr. Morrow and Ms. Wright appealed to this Court. *Id.* at *5.

While the appeal in *Goza I* was still pending, Mr. Morrow initiated separate proceedings in Shelby County Probate Court that would eventually lead to this Court's opinion in *In re Estate of Goza*, 397 S.W.3d 564 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Sept. 20, 2012) ("*Goza II*"). In October 2010, Mr. Morrow filed a petition in probate court requesting to be appointed personal representative of Mr. Goza's estate ("the Estate"). *Goza II*, at 566. The probate court granted the petition. *Id.* Acting in his capacity as personal representative of the Estate, Mr. Morrow filed a petition in the probate court to require SunTrust to turn over the trust assets in its possession to the Estate. *Id.* at 566-67. SunTrust replied, asserting that it would follow the terms of the April 1999 Agreement unless given contrary instructions by the court. *Id.* at 567. Prior to oral arguments on the petition, this Court issued its opinion in *Goza I*, affirming the chancery court's determination that the April 1999 Agreement validly provided for the disposition of the trust assets to the Perpetual Trust. *Id.* In light of this Court's opinion in *Goza I*, the probate court denied the Estate's petition as being barred by *res judicata* and/or the law of the case. *Id.* SunTrust requested a reimbursement for its attorney's fees incurred in defending the matter, which the probate court denied without prejudice. *Id.* at 571. The Estate appealed, and this Court affirmed in its opinion in *Goza II*, which was issued in April 2012. *Id.* This Court held that the Estate's claim was barred by *res judicata* because the Estate stood in the same legal relationship with regard to the subject matter of the litigation as Mr. Morrow had in *Goza I*. *Id.* The *Goza II* court also awarded SunTrust attorneys' fees incurred on appeal and, because the probate court had not exercised its discretion on the issue of attorneys' fees, remanded the matter to the probate court to determine whether an award of attorneys' fees and costs incurred in the probate court was warranted. *Id.* at 571-72.

Meanwhile, in September 2011, Mr. Morrow initiated yet another lawsuit against SunTrust and several of its employees in his capacity as the Estate's personal representative, this time in Shelby County Circuit Court. The circuit court proceedings led to this Court's opinion in *Estate of Goza v. Wells*, No. W2012-01745-COA-R3-CV, 2013 WL 4766544 (Tenn. Ct. App. Sept. 4, 2013), *perm. app. denied* (Tenn. June 13, 2014) ("*Goza III*"). SunTrust filed a motion to dismiss, arguing that the circuit court lacked subject matter jurisdiction because the case concerned administration of a trust. *Goza III*, at *1. The circuit court agreed and dismissed the Estate's petition in July 2012, stating that each of its claims was premised on the non-existence of the Perpetual Trust. *Id.* The circuit court found that the Perpetual Trust's existence had already been determined by this Court in *Goza I* and that it was therefore barred by *res judicata* from addressing the issue. *Id.* The Estate appealed

the circuit court's judgment.[1]  *Id.*

While the appeal in *Goza III* was pending before this Court, proceedings continued in the probate court following the remand of *Goza II*.  The present appeal arises from those proceedings.  In November 2012, Mr. Morrow filed a motion requesting that the probate court appoint his attorney, Larry Parrish, to replace him as the Estate's personal representative.  The motion was premised on the belief that if he was replaced as personal representative of the Estate by a person who was not a party to any prior suit, the Estate's claims against SunTrust would no longer be barred by *res judicata*.  After a hearing on the matter, the probate court denied the Estate's motion in an order entered on February 1, 2013.  The Estate made several attempts to appeal the probate court's ruling.  First, the Estate filed applications for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure with this Court and the Tennessee Supreme Court, both of which were denied.  On March 1, 2013, the Estate filed a Notice of Appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.  The court of appeals assigned the appeal number W2013-00678-COA-R3-CV to the appeal.

Meanwhile, proceedings still continued in the probate court.  In April 2013, the Estate filed a motion to require SunTrust to show cause why it was entitled to possession of the assets in the Perpetual Trust.  The probate court denied the motion as well as the Estate's subsequent motion to alter or amend.  On October 2, 2013, the Estate filed another Rule 3 Notice of Appeal from the probate court's order denying the motion to alter or amend.  The court of appeals assigned the appeal number W2013-02240-COA-R3-CV to that appeal.

In November 2013, the probate court entered its final judgment on the attorney's fees issues for which the case had been remanded from *Goza II*.  The Estate did not appeal the final judgment on attorney's fees.

In January 2014, the court of appeals ordered that the Estate's appeals No. W2013-00678-COA-R3-CV and No. W2013-02240-COA-R3-CV be heard, but ordered that proceedings in each appeal be stayed pending a final judgment in the probate court.  SunTrust filed a response in opposition to the motion to stay in appeal No. W2013-02240-COA-R3-CV and asserted that the probate court had already entered a final judgment.  After

---

[1]This Court issued its opinion in *Goza III* on September 4, 2013.  This Court affirmed the trial court's dismissal of the Estate's complaint, stating that the existence and validity of the Perpetual Trust had already been decided twice in *Goza I* and *Goza II*.  *Goza III*, at *6.  This Court stated that the Estate's attempt to re-litigate the validity of the Perpetual Trust despite holdings in the probate and chancery courts, two appellate decisions, and supreme court's denial of its application to appeal had depleted the funds in the Perpetual Trust held for the benefit of the mentally disabled and caused needless expense of resources.  *Id.* at *6. Accordingly, the court awarded SunTrust damages for a frivolous appeal.  *Id.*

reviewing the probate court's orders, the court of appeals lifted the stay in both appeals and ordered that the briefing schedules in each appeal run concurrently. This Court heard oral arguments in each appeal on October 22, 2014 in Nashville. Considering the unusual procedural history of this case, we emphasize that this opinion is concerned only with the merits of appeal No. W2013-00678-COA-R3-CV, the Estate's appeal from the probate court's February 1, 2013 order denying Mr. Morrow's request to resign as the Estate's personal representative and to be replaced by his attorney, Larry Parrish.

## II. ISSUES

The issues presented on appeal, as we perceive them, are:

1. Whether the court's February 1, 2013 order constitutes a final appealable judgment.

2. Whether the probate court abused its discretion in denying the personal representative's motion to resign and have his attorney appointed to replace him.

## III. DISCUSSION

In order to address the Estate's substantive arguments in this case, we must first address the threshold issue of whether this Court has subject matter jurisdiction to hear this appeal. SunTrust contends that this Court does not have jurisdiction to hear this appeal because the probate court's February 1, 2013 order was not a final order capable of vesting this Court with jurisdiction. SunTrust points out that the February 1, 2014 order did not resolve all of the claims pending before the probate court. Rather, it left unresolved issues related to SunTrust's award of attorney's fees, the very issues this Court remanded the case to the probate court to address.

The Estate did not file an application for permission to appeal pursuant to the interlocutory process described in Rule 9 of the Tennessee Rules of Appellate Procedure, and the order was not certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The Estate did file applications for extraordinary appeal under Tennessee Rule of Appellate Procedure 10 with both this Court and the Tennessee Supreme Court, although both courts denied the requests. The Estate also timely filed a notice of appeal as of right from the February 1, 2013 order pursuant to Rule 3 of the Tennessee Rules of Appellate

Procedure.[2]

Under Rule 3, only a final judgment in a civil action is appealable as of right. *In re Estate of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2011). Tennessee courts have generally defined a final judgment as "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d at 645 (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Conversely, an order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties is generally not final or appealable as a matter of right. *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008), *no perm. app. filed*.

There are obvious concerns regarding the finality of the probate court's February 1, 2013 order. At the time the order was entered, the probate court had not addressed pending issues regarding attorney's fees. However, we recognize the difficulty of applying the final judgment rule of Rule 3 to probate proceedings, which often contain multiple intermediate orders that are final with regard to certain discrete issues. Indeed, some states have significantly relaxed the degree of finality required for appealing an order in probate proceedings. *See e.g. Bank of the Ozarks v. Cossey*, 2014 Ark. App. 581, --- S.W.3d ----, at *3 (Oct. 29, 2014 Ark. Ct. App) (stating that Arkansas courts allow an intermediate appeal from almost any probate order); *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) ("Probate proceedings are an exception to the 'one final judgment' rule."). The February 1, 2013 order, though clearly not final with regard to all of the issues pending before the probate court, is final with regard to the discrete issue of who should serve as personal representative for the Estate.

Though we do not create any exception to the final judgment rule with this opinion, Rule 2 of the Tennessee Rules of Appellate Procedure permits us to suspend the final judgment requirement in our discretion if we find "good cause" to do so. In the past, this Court has exercised that discretion because "judicial economy is best served by addressing the issues on their merits in this appeal." *Parker v. Lambert*, 206 S.W.3d 1, 4 (Tenn. Ct. App. 2006). Considering the immense amount of resources already expended in this litigation, in which Mr. Morrow and the Estate have already attempted to litigate the same

---

[2]In pertinent part, Rule 3 of the Tennessee Rules of Appellate Procedure provides that, except in limited circumstances,

> [I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

issue in three different courts, we are not so oblivious as to believe that anything other than a ruling on the merits would deter the Estate from seeking to replace Mr. Morrow as personal representative in the future. Accordingly, we conclude that in the interest of judicial economy good cause exists for us to suspend the finality requirements of Rule 3 and hear the merits of this appeal.

The parties do not dispute that the decision to accept or deny the resignation of a personal representative is within the trial court's discretion.[3] We therefore review the probate court's decision to deny Mr. Morrow's resignation under an abuse of discretion standard. As the Tennessee Supreme Court recently stated:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. Thus, it does not permit reviewing courts to second-guess the court below, or to substitute their discretion for the lower court's. The abuse of discretion standard of review does not, however, immunize a lower court's decision from

---

[3]As the Estate states in its brief "[u]narguably, a probate court is statutorily imbued with 'discretion' to accept an administrator's resignation. Reasonably, this implied that a probate court is imbued with discretion not to accept an administrator's resignation."

Tennessee Code Annotated section 30-1-112 provides:

> Any executor or administrator may resign and relinquish trust in the following manner:
> (1) FILING PETITION. The executor or administrator shall file the petition in the probate court or chancery court having cognizance of the settlement of the estate of the deceased whom the petitioner represents, praying to be permitted to resign.
> (2) NOTICE TO LEGATEES, ETC. When the legatees, devisees, or distributees entitled to the estate reside in the county where the letters testamentary or of administration were granted, five (5) days' notice shall be given them, their agent or attorney, of the filing or intention to file, the petition. Where they reside out of the county, the court shall order notice to be given by publication in a newspaper, or by posting at the courthouse door, or in such other mode as it thinks reasonable.
> (3) PETITIONER TO SETTLE ACCOUNTS - - NEW ADMINISTRATOR. After notice has been given, the court shall cause the petitioner's accounts to be settled, and may, at its discretion, accept the resignation of the petitioner, and appoint a new administrator, taking from the appointee a good and sufficient administration bond.

Tenn. Code Ann. 30-1-112 (2007).

any meaningful appellate scrutiny.

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted).

The Estate contends on appeal that the probate court abused its discretion because it had no conceivable basis for denying Mr. Morrow's motion to resign. After reviewing the record and considering the circumstances, we do not find that to be the case. Rather, we find that the probate court's decision to deny Mr. Morrow's request was well within its discretion based upon Mr. Morrow's stated rationale for requesting permission to resign and the status of the estate.

On November 27, 2012, Mr. Morrow filed a motion requesting that the probate court accept his resignation and appoint Larry Parrish to replace him as personal representative of the Estate. The matter was heard on January 28, 2013; however, because there is no transcript from that hearing included in the record, we consider Mr. Morrow's justification for his request as stated in the November 27th motion. In the motion, Mr. Morrow states that the Estate's only assets are two separate "choses in action," or rights to bring an action to recover debt. *See* BLACK'S LAW DICTIONARY 258 (8th ed. 2004). The first chose in action is the Estate's claimed right to recover the trust funds remaining in SunTrust's possession. That chose in action was litigated in *Goza II*. The second chose in action is the Estate's claimed right to a personal judgment against SunTrust and SunTrust employees. That chose in action was litigated in *Goza III*. Both courts that considered the Estate's choses in action found that they are essentially attempts to relitigate the validity of the Perpetual Trust, which was established in *Goza I*; both courts ruled that the Estate's claims are barred by *res judicata*. *See Goza II* at 571; *Goza III* at *6. Nonetheless, Mr. Morrow sought to resign under impression that the Estate's claims would not be barred if someone else were appointed personal representative of the Estate. This reasoning is misinformed to say the least. The holdings of both *Goza II* and *Goza III* plainly state that the Estate is barred from relitigating the issues settled in *Goza I*; it does not matter who the personal representative is. *See* 397 S.W.3d at 567-68, 571 (stating that because there is privity between Mr. Morrow and the Estate, the Estate itself is barred from re-litigating the issues resolved by *Goza I*); *Goza*

*III* at 2013 WL 4766544, at *6 ("[T]hat the named Plaintiff in the current action is the Estate rather than the administrator on behalf of the Estate is immaterial where both stand in the same relationship to the subject matter."). At best, Mr. Morrow's request to resign as personal administrator was an honest, though misinformed, attempt to act in the Estate's best interest; at worst, it was a subversive attempt to position the Estate to further waste judicial resources by initiating new lawsuits challenging the validity of the Perpetual Trust. In either event, Mr. Morrow's justification for resigning did not compel the probate court accept the resignation. When the probate court granted Mr. Morrow's request to be appointed the Estate's personal representative in October 2010, it did so with the understanding that Mr. Morrow would deal with the Estate in the utmost good faith. *See McFarlin v. McFarlin*, 785 S.W.2d 367, 369 (Tenn. Ct. App. 1989) ("[An executor] must deal with the estate and each of its beneficiaries in the utmost good faith."). In light of Mr. Morrow's duty to act in good faith, we cannot hold that it was an abuse of discretion by the probate court to deny Mr. Morrow's resignation in these circumstances. We therefore affirm the judgment of the probate court denying Mr. Morrow's motion to resign.

SunTrust, in its capacity as Trustee, requests an award of attorneys' fees and costs incurred on appeal. Tennessee Code Annotated section 35-15-1004(a) (Supp. 2014) provides:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

The determination of whether such an award is warranted on appeal is within the sound discretion of this Court. *Goza II*, 397 S.W.3d at 571 (citing *Fickle v. Fickle*, 287 S.W.3d 723, 738 (Tenn. Ct. App. 2008). We find that good cause exists to award attorneys' fees to SunTrust. Therefore, the case is remanded to the probate court for a determination of the appropriate amount of fees and expenses that should be awarded to SunTrust. Recognizing that this appeal arises from a similar remand and that the claims of the Estate previously dismissed in *Goza II* and *Goza III* represent the Estate's only assets, we urge the probate court to put an end to this prolonged litigation by resolving the issue of attorney's fees and taking the necessary steps to close this Estate as soon as possible.

## IV. HOLDING

For the foregoing reasons, the judgment of the trial court is affirmed. The matter is remanded for a determination of the appropriate award of SunTrust's attorneys' fees and costs pursuant to section 35-15-1004(a). Costs on appeal are taxed to the Appellant, the

Estate of John J. Goza, David L. Morrow, personal representative, and its surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE