CHEATHAM *et al. v.* ALLEN *et al.*

(*Jackson,* April Term, 1951.)

Opinion filed June 16, 1951.

---

E. H. LANNOM, of Union City, and JOHN M. DRANE, of Newbern, for complainant.

H. H. LANNOM, of Louisville, Ky., HOLMES & HOLMES, of Trenton, ROBERT D. FRY and MILES & MILES, all of Union City, for defendant.

536

MR. JUSTICE PREWITT delivered the opinion of the Court.

A bill was filed herein by complainant, Sarah Louis Cheatham et al., against Martha Foulks Allen et al., seeking to establish title to an interest in certain lands in Obion County. The Chancellor overruled all grounds of several demurrers filed.

In 1906, J. M. Foulks and wife conveyed to two of their sons, Leon and Jim Foulks, by three deeds made Exhibits 2, 3 and 4 to the bill, the lands in controversy. The question presented here arises out of the language contained in said deeds.

Exhibit 2, in part, is as follows:

". . . do sell and convey to Leon Foulks and Jim Foulks, the following described tract of land, being located in the 16th Civil District of Obion County, Tennessee, and bounded and described as follows: (Description) The land above described is to be and remain the property of the said Leon Foulks and Jim Foulks their life time and then to their heirs and if either should die leaving no issue or legal heirs, then to revert back or go to the J. M. Foulks estate.

"To have and to hold with all the appurtenances thereunto belonging unto the said Leon Foulks and Jim Foulks, and their heirs forever . . ."

Exhibit 3, in part, is as follows.

". . . do sell and convey to Leon Foulks and Jim Foulks the following tract or parcel of land . . . (Description)

" To remain the property of Leon Foulks and Jim Foulks their lifetime and if either dies without issue to go back to J. M. Foulks estate.

"To have and to hold with all the appurtenances thereunto belonging unto the said Leon Foulks and Jim Foulks and their heirs as above, forever."

J. M. Foulks, the original grantor, died in 1907, leaving surviving as his only children and heirs at law, J. A. (Archie) Foulks, Mrs. Sallie Owens, Leon Foulks, Jim Foulks, Mrs. Sim Weaver, Mrs. Martha Foulks Allen and C. T. Foulks.

Jim Foulks died intestate in the year 1925, never having married and leaving no child or descendant, his only heirs at law being his brothers and sisters named above as the children of J. M. Foulks.

In 1926 and 1927 it was decreed in a Chancery proceeding in Obion County that Leon Foulks and Jim Foulks each were the owners of a one-half divided interest in fee in the lands involved; that it was the desire of all the parties in said cause that the lands be divided; that one-half be set apart to Leon Foulks and that the remainder be sold for division of proceeds among the heirs of Jim Foulks.

By further decree, commissioners were appointed and certain portions of the lands in controversy were set apart to Leon Foulks, title in fee vested in him, and divested out of all parties to the cause.

By further order, the other portion of said land was sold and confirmed to Z. W. Corum, title in fee vested in him and divested out of all parties to the cause.

It appears that every heir at law of J. M. Foulks, of Jim Foulks and every person who, at that time, would have been an heir at law of Leon Foulks, were a party to said proceedings, consented to the division and sale and shared in the division of proceeds.

Leon Foulks died testate in the year 1945, never having married and leaving no child nor descendant of child. By various deeds and by his will, title to the portion of the land set apart to him passed to various defendants.

Archie Foulks died in 1939, leaving as his children and heirs at law the complainants herein, who are claiming jointly a one-fifth interest in the land.

Complainants insist that all of the lands, upon the death of Jim Foulks, belonged to Leon Foulks for and during his natural life, and to his children or descendants of same, if any, upon his death; otherwise the said lands to revert to J. M. Foulks estate, and that the court proceedings in 1926 and 1927 were not binding upon the complainants, and that the decrees therein were void.

Complainants further insist that under said deeds, Leon Foulks and Jim Foulks were conveyed life estates in the lands sued for, and that they, as grandchildren of J. M. Foulks, upon the death of Leon Foulks in 1945, became the owners of a one-fifth undivided interest in said land.

The various defendants insist, by their demurrers, that in the Chancery proceedings of 1926 and 1927, every question of law or fact here presented was then determined; that the court in said cause decreed that Jim Foulks died intestate, the owner of one-half interest in the lands described in the bill, and that Leon Foulks was the other owner of one-half interest in said lands; that said decrees and said cause constituted a complete

and final determination as to the lands described in the original bill, and of the parties' rights thereunder.

The defendants rely upon other defenses in their demurrer—the statute of limitations, judicial estoppel and virtual representation. In our view of the question, it is not necessary to consider these additional defenses set up.

We are of the opinion that the decree of the Chancellor was erroneous because the Chancery proceedings of 1926 and 1927 are conclusive upon the parties. The title was determined by a court of competent jurisdiction and all the necessary parties were before the court.

It is well settled that a decree of a court of competent jurisdiction is conclusive between parties and their privies. *Parkes* v. *Clift,* 77 Tenn. 524; *Bransford Realty Co.* v. *Andrews,* 128 Tenn. 725, 164 S. W. 1175; Williams' Tenn. Code, Secs. 9180-9195.

Furthermore, the exhibits to the bill show on their face that the lands in controversy were conveyed in fee to Jim Foulks and Leon Foulks. *Scruggs* v. *Mayberry,* 135 Tenn. 586, 188 S. W. 207; *Anderson* v. *Lucas,* 140 Tenn. 336, 204 S. W. 989; *Harwell* v. *Harwell,* 151 Tenn. 587, 271 S. W. 353.

It results that the decree of the Chancellor must be reversed and the bill dismissed at the cost of the complainant.

All concur.