Jack Waldo ACLIN, III, John Baggett Aclin and Donna Sue Aclin, all infants, who sue by Katherine Aclin Long, their mother and natural and legal guardian, all residents of Henry County, Tennessee, Appellees,

v.

Will SPEIGHT (now deceased) and wife, Gladys Speight, Appellant.

Court of Appeals of Tennessee, Western Section.

Sept. 26, 1980.

Denied by Supreme Court Jan. 26, 1981.

Julian P. Guinn, Paris, for appellant.

Larry R. Dorning, Paris, for appellees.

NEARN, Judge.

Plaintiffs, Jack Waldo Aclin, III, John Baggett Aclin and Donna Sue Aclin, all infants, who sue by Katherine Aclin Long, their mother and natural and legal guardian, filed their complaint seeking a judgment against the defendant Speights for rents wrongfully retained and for the removal as a cloud upon plaintiffs' title to real property a certain deed to the Speights. The Speights denied title to be in the plaintiffs and counterclaimed seeking a declaration that title was in them. The Chancellor found in favor of plaintiffs and referred to the master the matter of rent and damages. The defendants sought and were granted by the trial Court and this Court a Rule 9 Appeal (T.R.A.P.) from the interlocutory order of the Chancellor which decreed title to the property in question to be in plaintiffs.

In this case, the facts are undisputed and the matter was decided by the Chancellor on the pleadings only under Rule 12.03.

The land in question was owned by J. W. Aclin who died testate in 1942. Aclin was survived by a son, J. W. Aclin, Jr., who was devised an interest in the subject land. In 1943, the Aclin Will was construed by the Chancery Court of Henry County. In that construction case, to which Aclin, Jr., was a party, the Court held that the Will devised to J. W. Aclin, Jr., a life estate only in the subject property with the fee thereto in

Aclin, Jr.'s issue [1], if any, and if not in Barbara Aclin Baggett.

In 1947 Aclin, Jr., and his then wife, Evelyn Aclin, and Barbara Aclin Baggett executed a deed to the subject property to defendants, Will Speight and wife, Gladys Speight. Later on, Evelyn Aclin died and Aclin, Jr., married Katherine Kee. Of this union were born Jack Waldo Aclin, III, John B. Aclin and Donna Sue Aclin. Thereafter Aclin, Jr., died intestate.

This suit was instituted in 1967 after the death of Aclin, Jr., by the aforementioned then minor children of Aclin, Jr. The suit was brought by their mother Katherine as next friend. For reasons not made clear by the record, the case lay dormant until late 1979 when a special Chancellor was designated by the Supreme Court to hear the case. Pending the hearing of the case the minors have attained majority, Will Speight has died and Gladys Speight has filed a third party complaint against Barbara Aclin Baggett. The third party complaint by Speight against Baggett and the issues of that complaint are not before this Court on this appeal.

The entire defense of Speight to this complaint hinges upon a reconstruction of the Aclin Will of 1942 to the effect that by the terms of that Will, Aclin, Jr., was devised the fee to the subject property instead of a life estate. If this position is accepted, Aclin, Jr., would have conveyed a fee to the Speights. All sorts of cases are cited to us to show that a "proper" construction of the 1942 Will of Aclin will result in the fee in the subject property passing to Aclin, Jr. In addition, it is insisted that the Chancellor in 1943 was without "jurisdiction" to decree title in the subject property in then unborn children (when and if they were born), because the unborn children were not parties to the 1943 Will construction case. All of these arguments are as "a sounding brass or a tinkling cymbal".

▮ The Will of Aclin is beyond "reconstruction." It was construed in 1943 with no appeal being taken therefrom. That

construction is now final. The parties thereto and their privies are estopped to relitigate the matter. *Cheatham v. Allen,* (1951) 192 Tenn. 535, 241 S.W.2d 559; *Cantrell v. Burnette & Henderson Co.,* (1948) 187 Tenn. 552, 216 S.W.2d 307.

All of the necessary parties then in existence were parties to the Will construction case. The judgment entered therein bound all parties thereto and those in privy. The Speights are certainly in privy because they claim title through Aclin, Jr. That construction suit may not now be collaterally attacked. See *Cheatham v. Allen, supra.*

▮ The Chancery Court certainly had subject matter jurisdiction of a Will construction suit. See *TCA 16–1301(a).* In fact, it was the only Court in this State with that subject matter jurisdiction. Counsel for defendant confuses subject matter jurisdiction with *in personam* jurisdiction. That a judgment of a Court of subject matter jurisdiction is binding upon those over whom the Court had *in personam* jurisdiction is a matter free from doubt. However, the lack of *in personam* jurisdiction over less than all parties in such cases does not render a judgment void as to all. If, *arguendo,* we say the then nonexistent minors were necessary parties to the 1943 Will construction case, and were not made so, or were not included by the doctrine of virtual representation we are then left with the inquiry: "Is that fact of any significance in this case?" We think not. The former minors are not seeking an avoidance of that judgment. They embrace it. Having done so, they are forever barred from rejecting it upon principles of judicial estoppel. The only complaint that is made regarding the Will construction judgment is made collaterally by Speight who has no standing whatsoever to now complain of the lack of the minors' presence in the 1943 litigation.

The Chancellor below made no ruling on the issue of *res judicata,* or collateral estoppel but chose rather to again construe the 1943 Aclin Will. The Chancellor was with-

---

1. At the time of the Will construction said Aclin, Jr., had no children.

out jurisdiction to do so and erred in so doing. The doctrine of *res judicata* or collateral estoppel prevented any Court from relitigating that same 1943 issue. However, no harmful error was committed as he reached the same construction as did the Chancellor of 1943.

Therefore, we affirm the Chancellor in the results reached.

The costs of appeal are adjudged against appellant and surety.

■ We note that the record before us contains many pages of trial briefs and memorandum of authority of counsel. Such documents have no place in our appellate record. See Rule 24(a) Tennessee Rules of Appellate Procedure.

The Clerk of this Court will be ordered to disallow the trial clerk's costs claimed therefor. See Rule 40, Tennessee Rules of Appellate Procedure.

The cause will be remanded for any further necessary proceedings.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

SUMMERS and EWELL, JJ., concur.