# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 2000 Session

## DANIEL BENSON TAYLOR v. JUDGE RUSSELL HELDMAN, ET AL.

**Appeal from the Circuit Court for Hickman County**
**No. 99-5025C-I     Joseph S. Daniel, Judge**

---

**No. M1999-00729-COA-R3-CV - Filed September 22, 2000**

---

Daniel Benson Taylor ("Plaintiff"), a prison inmate, filed suit for damages and other relief against two judges of the 21st Judicial District and, by amended complaint, the assistant attorneys general representing the two judges because of the alleged failure of the judges to grant his petition for a writ of habeas corpus. The trial judge granted a Tennessee Rules of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. The specially appointed trial judge sustained the motion and Plaintiff appeals. We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Daniel Benson Taylor, Only Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Meredith Devault, Senior Counsel, and Mary M. Bers, Assistant Attorney General, for the appellees, Judge Russell Heldman, Judge Donald P. Harris, Lucian D. Geise, Assistant Attorney General, Mary M. Bers, Assistant Attorney General.

### MEMORANDUM OPINION[1]

---

[1]Rule 10(b) of the Rules of the Court of Appeals of Tennessee reads as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff had previously filed, on November 18, 1998, civil action number 98-5076C-11 in the Circuit Court for Hickman County, Tennessee seeking a writ of habeas corpus. In this petition, he alleged that he committed second degree murder on the 20th of September, 1980 was thereafter indicted for the same and, on October 6, 1982, was sentenced by a jury to life imprisonment as a Class X felony offender. He claimed in his petition that he was entitled to be sentenced under the Sentencing Reform Act of 1982. On January 11, 1999, Judge Russell Heldman granted a motion to dismiss the habeas corpus petition, and on January 19, 1999, Judge Donald P. Harris also filed a more extensive order dismissing the petition for writ of habeas corpus. On February 12, 1999, Judge Heldman entered an order acknowledging that the case had been properly assigned to Judge Harris and withdrawing his previous order of January 11, 1999.

Plaintiff appealed the dismissal of his habeas corpus petition, and almost simultaneously therewith, filed the suit at bar seeking damages and other relief from Judges Heldman and Harris based upon their alleged refusal to grant his petition for habeas corpus. The Chief Justice appointed Judge J. S. (Steve) Daniel as Special Judge to hear this case. Plaintiff sought a declaratory judgment that Judges Heldman and Harris violated Tennessee Code Annotated section 29-21-108 (1980) and also sought injunctive relief to permanently enjoin the judges from purported "continued wrongful failure, and refusal to grant petition for writ of habeas corpus where properly applied for." He further requested money damages of $10,000 per day from November 18, 1998 until such time as his petition for writ of habeas corpus was granted.

Assistant Attorneys General Mary Bers and Lucian Geise represented Judges Harris and Heldman and the State of Tennessee, thus Plaintiff promptly filed a supplemental complaint against these attorneys seeking the same relief upon their alleged conspiracy with Judges Heldman and Harris to wrongfully refuse to issue a writ of habeas corpus. Upon motions by Judges Heldman and Harris and by Assistant Attorneys General Bers and Geise, Judge Daniel, on August 4, 1999, issued an order dismissing the case in its entirety for failure to state a claim upon which relief could be granted and, as to the judges, on the further basis of judicial immunity. The order of dismissal by Judge Daniel of August 19, 1999 stated:

> By order of the Supreme Court this Court was designated to hear the above-styled case to its conclusion. This case was initiated by a complaint originally filed by Mr. Taylor against Judges Heldman and Harris. Thereafter, by a pleading entitled *Memorandum Of Law To Incontravention Of Motion To Dismiss Original Claim Complaint And Amended Supplemental Complaint*, Mr. Taylor sought to add as party defendants, Lucian D. Geise and Mary M. Bers, Assistant Attorney Generals in their role in representing the State's interest in this litigation.
>
> The principal thrust of this complaint is the allegation of Mr. Taylor that Judges Heldman and Harris wrongfully failed and refused to grant a petition for habeas corpus advanced by Taylor. Further, Taylor alleges that Lucian D. Geise and Mary Bers by their representation of the State in resisting Taylor's complaint, engaged in a conspiracy, in violation of federal and state law to deprive him of his

civil rights by their actions. After carefully considering the original complaint as amended and the responses filed, this Court finds that the action should be dismissed under Tenn. R. Civ. P. 12.02(6). These pleadings simply fail to state a claim upon which relief can be granted. The judges sued enjoy judicial immunity for their acts within the scope of hearing and deciding post-conviction relief and/or habeas corpus actions. The other allegations of conspiracy by Geise and Bers are conclusory statements unsupported by any factual basis that gives rise to a judicial determination. This complaint appears to be a collateral attack on the denial of the initial request on behalf of the Petition, Mr. Taylor, which is currently under review by the Court of Criminal Appeals according to these pleadings.

It is hereby ordered that the compl[a]int as to all parties is dismissed as failing to state a claim upon which relief may be granted.

The order of the trial judge is in all respects correct, as the complaint is nothing more than a collateral attack upon the refusal of Judges Harris and Heldman to grant a writ of habeas corpus. That refusal is the legitimate subject of the appeal which Plaintiff has already taken to the Tennessee Court of Criminal Appeals. Taken in its most favorable light, the complaint states no cause of action against anybody. *See Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn. 1994).

The trial judge was also correct in dismissing the case under the doctrine of judicial immunity. *See Heath v. Cornelius*, 511 S.W.2d 683 (Tenn. 1974); *Webb v. Fischer*, 109 Tenn. 701, 72 S.W. 110 (1902). As held by the Supreme Court of the United States:

It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Counsel representing the judges as clients are also entitled to absolute immunity. *See Butz v. Economuo*, 438 U. S. 478 (1978); *Al-Bari v. Winn*, 907 F.2d 150 (6th Cir. 1990)(unpublished table decision).

This case and this appeal are totally lacking in anything approaching merit and one other matter mandates our attention. Pursuant to Rule 24 of Tennessee Rules of Civil Procedure, Plaintiff, Daniel B. Taylor, gave notice of his intent to include the following documents in the record on appeal:

1.        Any and all documents filed on behalf of the plaintiff.

2.        Any and all documents filed on behalf of the defendants.

Apparently taking Plaintiff at his word, the trial clerk has favored us with five volumes consisting of 736 pages, of which 610 pages are simply photostats of the text of mostly reported cases with several other pages being trial briefs filed by the parties and other extraneous matters. These documents have been improperly included in the record and are superfluous under the rules of the court. *See Atkins v. Kirkpatrick*, 823 S.W.2d 547, 549-50 (Tenn. Ct. App. 1991); *Aclin v. Speight*, 611 S.W.2d 54 (Tenn. Ct. App. 1980).

The action of the trial judge is in all respects affirmed with costs of the cause assessed against Plaintiff/Appellant, Daniel Benson Taylor.

_____
WILLIAM B. CAIN, JUDGE