# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 23, 2015 Session

## EDE GOZA, ET AL. v. SUNTRUST BANK

**Appeal from the Chancery Court for Shelby County**
**No. CH-13-1314, CH-13-1316    Kenny W. Armstrong, Chancellor**
_____

**No. W2014-00635-COA-R3-CV – Filed July 22, 2015**
_____

This appeal arises from the dismissal of an action challenging the validity of and distribution of assets from a trust. The trial court held the suit was barred by the doctrine of res judicata. Because the plaintiffs in this action are in privity with previous challengers of the trust for purposes of res judicata, we affirm the dismissal.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ. joined.

Larry E. Parrish, Memphis, Tennessee, for the appellants, Ede Goza and Shirley Sue Noble Shaw.

Kenneth P. Jones and M. Matthew Thornton, Memphis, Tennessee, for the appellee, Suntrust Bank, N.A.

Herbert H. Slatery III, Attorney General & Reporter; Joseph F. Whalen, Acting Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General; Nashville, Tennessee, for the appellee, Tennessee Attorney General.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is our seventh decision relating to the assets of the late Helen B. Goza. *See Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3-CV, 2011 WL 334507 (Tenn. Ct. App. Jan. 31, 2011) [hereinafter "*Goza I*"] (an appeal from the Chancery Court for Shelby County); *In re Estate of Goza*, 397 S.W.3d 564 (Tenn. Ct. App. 2012) [hereinafter

"*Goza II*"] (an appeal from the Probate Court for Shelby County), *perm. app. denied*, (Tenn. Sept. 20, 2012); *Estate of Goza v. Wells*, No. W2012-01745-COA-R3-CV, 2013 WL 4766544 (Tenn. Ct. App. Sept. 4, 2013) [hereinafter "*Goza III*"] (an appeal from the Circuit Court for Shelby County), *perm. app. denied*, (Tenn. June 13, 2014); *In re Estate of Goza*, No. W2013-00678-COA-R3-CV, 2014 WL 7235166 (Tenn. Ct. App. Dec. 19, 2014) [hereinafter "*Goza IV*"] (an appeal following the remand of *Goza II*); *In re Estate of Goza*, No. W2013-02240-COA-R3-CV, 2014 WL 7246509 (Tenn. Ct. App. Dec. 19, 2014) [hereinafter "*Goza V*"] (a second appeal following the remand of *Goza II*), *perm. app. denied*, (Tenn. May 19, 2015); *In re Estate of Goza*, No. W2013-02759-COA-R3-CV, 2014 WL 7246147 (Tenn. Ct. App. Dec. 19, 2014) [hereinafter "*Goza VI*"] (a third appeal following the remand of *Goza II*), *perm. app. denied*, (Tenn. May 18, 2015). We provide only a brief recitation of the underlying facts. A more complete review of the facts can be found in *Goza I*.

During her life, Helen B. Goza created a living trust to provide for herself and her son, John J. Goza. *Goza I*, 2011 WL 334507, at *1. In March 1999 and again in April 1999, Ms. Goza executed two separate amended and restated revocable trust agreements, which amended the original living trust agreement. *Id.* at *1-2. The March 1999 agreement provided for certain changes to the disposition of the trust corpus upon the death of Ms. Goza. *Id.* at *1. If her son survived her, the agreement placed a portion of the trust estate into a separate trust for her son's benefit with the balance of the trust estate being placed in a perpetual trust for organizations serving the mentally disabled. *Id.* at *1. However, the March 1999 agreement did not provide for a full distribution of assets held in the trust for Mr. Goza upon his death. *Id.* The April 1999 agreement corrected this oversight. Upon Mr. Goza's death, after a $5,000 donation to the American Diabetes Association, that the remainder of the trust for the benefit of Mr. Goza be deposited into the perpetual trust for organizations serving the mentally disabled. *Id.* at *2.

Ms. Goza died in May 2001, survived by her son. *Id.* Mr. Goza passed away in September 2007. *Id.*

## A. *GOZA I*

In *Goza I*, David L. Morrow and Judy M. Wright[1] filed a complaint for declaratory judgment in Shelby County Chancery Court against SunTrust Bank ("SunTrust"), the trustee of the perpetual trust. *Id.* Mr. Morrow and Ms. Wright claimed that, because the March 1999 agreement failed to provide for the complete disposition of assets following Mr. Goza's death, the residue from the separate trust should pass to them as Ms. Goza's heirs through intestate succession. *Id.* Because the heirs' claim involved the assets of a charitable trust, the Attorney General intervened under Tennessee Code Annotated § 35-

---

[1] Mr. Morrow and Ms. Wright are Ms. Goza's nephew and niece, respectively. *Id.* at *1.

13-110 (2007). *Id*. SunTrust and the Attorney General each argued that the April 1999 amendment superseded the March 1999 amendment and provided for a full disposition of the trust assets. *Id*. The chancery court granted the Attorney General's motion for summary judgment, finding that the April 1999 amendment distributed all of the separate trust's assets following Mr. Goza's death. *Id*. at *4. Therefore, no assets remained to pass under the laws of intestacy. *Id*.

On appeal, the heirs argued that the chancery court lacked subject matter jurisdiction and that it effectively entered an advisory opinion declaring the trust effective. *Id*. at *5. We found that the heirs' request for declaratory judgment put at issue—and the chancery court necessarily decided—the validity of the trust, as well as the distribution of the separate trust's assets following Mr. Goza's death. *Id*. at *8. We concluded that there was a justiciable controversy between the parties and affirmed the chancery court's grant of summary judgment. *Id*.

## B. *GOZA II*

As our decision was pending in *Goza I*, Mr. Morrow initiated proceedings in Shelby County Probate Court, which would eventually lead to our decisions in *Goza II*, *IV*, *V*, and *VI*. *Goza IV*, 2014 WL 7235166, at *2. The probate court appointed Mr. Morrow administrator of Mr. Goza's Estate (the "Estate").[2] *Goza II*, 397 S.W.3d at 566. As administrator, Mr. Morrow filed a petition seeking to compel SunTrust to turn over the assets of the perpetual trust. *Id*. at 566-67. Following the issuance of our opinion in *Goza I*, the probate court found the Estate's petition was barred by the doctrines of res judicata and/or the law of the case. *Id*. at 567.

In *Goza II*, we affirmed the trial court's decision. *Id*. at 571. We concluded that the Estate's claims were barred by res judicata because the Estate stood in the same legal relationship with regard to the subject matter as Mr. Morrow and Ms. Wright had in *Goza I*. *Id*. We also awarded attorneys' fees on appeal and remanded to the probate court for consideration of SunTrust's request for an award of attorneys' fees incurred during the probate proceedings. *Id*. at 571-72.

## C. *GOZA III*

Following our decision in *Goza I*, but before we issued our opinion in *Goza II*, Mr. Morrow filed yet another lawsuit on behalf of the Estate against SunTrust and several of its employees, this time in Shelby County Circuit Court. *Goza III*, 2013 WL 4766544, at *1. SunTrust filed a motion to dismiss, arguing that the circuit court lacked subject matter jurisdiction because the case involved the administration of a trust. *Id*. The circuit

---

[2] In *Goza I*, Mr. Morrow claimed a right to the trust assets as Ms. Goza's nephew and intestate heir. Here, Mr. Morrow sought to be appointed administrator as Mr. Goza's heir under the laws of intestacy.

3

court agreed, finding that each of the Estate's claims were premised on the non-existence of the perpetual trust and that the existence of the trust had been established in *Goza I*. *Id*. Therefore, res judicata barred the court from addressing the issue. *Id*.

The Estate's appeal resulted in our decision in *Goza III*. We noted in *Goza III* that we had upheld the validity of the perpetual trust twice, in *Goza I* and *II*. *Id*. at *4. Although the plaintiff here was the Estate, rather than Mr. Morrow as administrator on behalf of the Estate, the parties were in privity. *Id*. at *6. Therefore, the Estate was barred by the doctrine of res judicata from challenging the validity of the trust. *Id*. We concluded that the circuit court lacked subject matter jurisdiction over the case under Tennessee Code Annotated § 35-15-203 (2007)[3] and affirmed the dismissal. *Id*.

## D. *GOZA IV*

Following our remand in *Goza II*, Mr. Morrow, in his capacity as administrator of the Estate, filed a number of other motions seeking to attack the validity of the trust. In November 2012, Mr. Morrow filed a motion requesting that the probate court relieve him of his role as administrator and appoint his attorney in his stead. *Goza IV*, 2014 WL 7235166, at *2. This motion was apparently premised on the mistaken belief that, if Mr. Morrow were replaced as administrator, the Estate would no longer be barred from bringing its claims by the doctrine of res judicata. *Id*. The probate court denied the motion. *Id*. at *2-3.

The Estate appealed the denial, leading to our decision in *Goza IV*. On appeal, we found that the probate court acted within its discretion in denying Mr. Morrow's motion. *Id*. at *5. Furthermore, we concluded that, even assuming a new administrator had been appointed, the Estate would still be barred from bringing its claims under the doctrine of res judicata. *Id*. We stated:

> [a]t best, Mr. Morrow's request to resign as personal administrator was an honest, though misinformed, attempt to act in the Estate's best interest; at worst, it was a subversive attempt to position the Estate to further waste judicial resources by initiating new lawsuits challenging the validity of the Perpetual Trust.

*Id*.

---

[3] Tennessee Code Annotated § 35-15-203 states that chancery courts and other courts of record having probate jurisdiction "[t]o the exclusion of all other courts*, have concurrent jurisdiction over proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust." Tenn. Code Ann. § 35-15-203 (emphasis added).

E. *GOZA V*

Notwithstanding the probate court's denial of Mr. Morrow's motion to resign as administrator, he filed a motion in April 2013 urging the probate court to issue a writ of scire facias[4] requesting that SunTrust appear to show why it should not be divested of trust assets. *Goza V*, 2014 WL 7246509, at *2. The probate court denied the motion, finding that it was barred by res judicata. *Id*. at *3.

In *Goza V*, we affirmed the probate court's decision, reiterating yet again that the parties were in privity, and res judicata barred the motion. *Id*. at *6. We even went so far as to state, "[t]his holding, as we have stressed throughout this opinion, bars the Estate from initiating further proceedings to challenge the validity of the Perpetual Trust, no matter who initiates the proceedings on its behalf or the theory on which it attempts to rely." *Id*. at *7 n.7.

F. *GOZA VI*

Following our remand in *Goza II*, in an effort to end further litigation over the assets of Ms. Goza, SunTrust filed an amended petition seeking to admit Ms. Goza's 1999 will to probate in solemn form and seeking to be appointed administrator of her estate. *Goza VI*, 2014 WL 7246147, at *2. Ms. Goza's 1999 will directed that, after provision was made for her son, the residue of her estate be placed in trust in accordance with the agreement creating the living trust. *Id*. at *1. In the event the trust was not in existence at that time, Ms. Goza's assets were to be distributed to SunTrust, as trustee, and administered in accordance with the terms of the living trust agreement. *Id*.

The trial court granted the petition, admitting the 1999 will in solemn probate form and appointing SunTrust the administrator of Ms. Goza's estate. *Id*. at *3. The Estate objected to the order, arguing that the probate court did not have subject matter jurisdiction to admit the 1999 will in solemn probate form because there was an outstanding will contest temporarily divesting the probate court of that authority. *Id*. The probate court found that the Estate did not have standing to challenge the 1999 will because it would not have been a beneficiary under a prior 1991 will. *Id*.

We affirmed the probate court's ruling that the Estate lacked standing to challenge admission of the 1999 will in *Goza VI*. *Id*. at *4. We found that "[b]ecause the Estate . . . would not benefit even if the 1999 Will was set aside, the probate court did not err in finding that the John Goza Estate lacked standing to contest the 1999 Will." *Id*.

---

[4] A "scire facias" is "[a] writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived." Black's Law Dictionary 1464 (9th ed. 2009).

The proceedings currently before us arise from two separate but nearly identical complaints filed on August 30, 2013, by Ede Goza and Shirley Shaw in Shelby County Chancery Court. Ede Goza and Shirley Shaw claim to be intestate heirs of Mr. Goza[5] and seek a declaratory judgment that the perpetual trust is invalid and that its assets are rightfully a part of Mr. Goza's estate.

On November 17 and 18, 2013, SunTrust filed motions in each of the cases to transfer, consolidate, and stay the two cases or, in the alternative, to dismiss. The Attorney General filed motions to intervene in each of the cases, which were granted.

Following a hearing on March 24, 2014, the chancery court entered an order consolidating the two cases. The chancery court also orally granted SunTrust's motion to dismiss on the grounds of res judicata. A final order of dismissal was entered on June 2, 2014. The court concluded that Ms. Ede Goza and Ms. Shaw were in privity with the parties to our previous decisions and, therefore, their claims were barred by the doctrine of res judicata. The court denied a request by SunTrust for an award of its attorneys' fees.

Ms. Ede Goza and Ms. Shaw timely appealed, alleging that the trial court erred in finding that the doctrine of res judicata barred their claims. By separate motion, they also argue that the judgment of dismissal is void. SunTrust argues that they are entitled to attorneys' fees on appeal.

## II. STANDARD OF REVIEW

Whether the trial court erred in dismissing a claim as barred by the doctrine of res judicata is a question of law subject to de novo review with no presumption of correctness. *Goza II*, 397 S.W.3d at 566; *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008).

## III. ANALYSIS

We first address Appellants' argument that the judgment of dismissal is void.[6] "[A] . . . decree is void and subject to collateral attack only where the trial court lacks

---

[5] In her Complaint, Ede Goza claimed to be Mr. Goza's heir as his first cousin once-removed. Ms. Shaw claimed her interest as Mr. Goza's first cousin.

[6] On April 20, 2015, Appellants filed with this Court "Appellants' Motion to Set Aside a Void Judgment, Memorandum in Support Thereof, Certificate of Consultation and Counsel's Affidavit." The motion alleged that eight judgments, including the judgment appealed from here, entered in connection with the

general jurisdiction of the subject matter, rules on an issue wholly outside of the pleadings, or lacks jurisdiction over the party complaining." *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996); *see also Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013); *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955) (concluding that in the absence of subject matter jurisdiction, a court cannot enter a valid, enforceable order). Appellants' contention appears to be that, because the chancery court based the application of res judicata on our decisions in *Goza I*, *II*, and *III*, the order of dismissal is void because the decisions in the earlier cases are void.

Appellants' motion is without merit. Appellants invoked the jurisdiction of the chancery court, and thus, the chancery court had personal jurisdiction over Appellants. *See Cooper v. Reynolds*, 77 U.S. 308, 316-17 (1870) (personal jurisdiction is obtained by "the voluntary appearance of the party in the progress of the cause."). The chancery court had jurisdiction over the subject matter of the litigation under Tennessee Code Annotated § 29-14-102 (2012), and the dismissal related only to the pleadings before the court. As to whether *Goza I, II & III* are void, we note that many of Appellants' arguments have been made and rejected previously. Even had that not been the case, the judgments in *Goza I, II & III* are presumed valid, and that presumption is "conclusive unless impeached by the record itself." *Dixie Savs. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988); *see also State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291 (Tenn. 1964). We see nothing that impeaches the presumption of validity.

## A. APPLICATION OF RES JUDICATA

Res judicata is "[a]n issue that has been definitively settled by judicial decision." Black's Law Dictionary 1425 (9th ed. 2009); *see also Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009). The doctrine of res judicata is a "rule of rest" meant to promote finality, prevent inconsistent or contradictory judgments, conserve resources, and prevent vexatious lawsuits. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012); *see also Edwards v. City of Memphis*, No. W2007-02449-COA-R3-CV, 2009 WL 2226222, at *3 (Tenn. Ct. App. July 27, 2009). The term "res judicata" often refers generally to the effect that a judgment may have on subsequent proceedings. Black's Law Dictionary, *supra*; *see also Regions*, 310 S.W.3d at 392.

One such effect is claim preclusion. The doctrine of claim preclusion "bars a second suit between the same parties on the same cause of action with respect to all issues which were or could have been raised in the former suit." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000); *see also Jackson*, 387 S.W.3d at 491. A party asserting claim preclusion must demonstrate: "(1) that the underlying

assets of the Estate of Helen B. Goza are void. By order entered on June 23, 2015, we denied the motion to the extent it related to judgments other than the July 2, 2014 order of dismissal.

7

judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Jackson*, 387 S.W.3d at 491; *see also Goza II*, 397 S.W.3d at 570; *Edwards*, 2009 WL 2226222, at *2.

Another possible effect of a judgment is issue preclusion, also known as collateral estoppel. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009). Collateral estoppel prevents the redetermination of an issue of law or fact that has already been determined by a court of competent jurisdiction. *Cihlar*, 39 S.W.3d at 178. To invoke collateral estoppel, a party must demonstrate: (1) that the issue was determined in a prior action by the parties or their privies; (2) that the issue was necessary to the prior judgment; and (3) that a final judgment was rendered in the prior action. *Goza II*, 397 S.W.3d at 570-71.

Appellants assert the chancery court erred in dismissing their claims under the doctrine of res judicata. First, they argue that our prior pronouncements concerning the validity of the trust documents and the distribution of the estate assets are dicta and, therefore, not entitled to preclusive effect. Second, they argue that they are not in privity with the other parties who have sought to raise similar claims. We find neither argument availing.

The plaintiffs in *Goza I* raised both the validity of the trust and the distribution of the assets as issues, and we found them to be part of the basis for a justiciable controversy in that case. *Goza I*, 2011 WL 334507, at *8. Even so, res judicata bars not only issues that were actually decided but also those which "*could have been raised*" in the former suit. *Cihlar*, 39 S.W.3d at 178 (emphasis added). Thus, even if these issues had not been directly addressed, determination of the issues in this proceeding is properly precluded under the doctrine of res judicata because the issues could have been raised in *Goza I*.

Appellants' second argument is that they are not in privity with the parties who have already raised claims regarding the trust in our previous decisions. The concept of privity in the context of res judicata is not identical to the concept as it is used in discussing contractual relationships. *Edwards*, 2009 WL 2226222, at *3. For res judicata purposes, the concept of privity involves an examination of the parties' relationship to the subject matter of the litigation, not the relationships between the parties themselves. *Trinity Indus., Inc. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001); *Cihlar*, 39 S.W.3d at 180; *Phillips v. Gen. Motors Co.*, 669 S.W.2d 665, 669 (Tenn. Ct. App. 1984); *Edwards*, 2009 WL 2226222, at *3. Whether privity exists depends on an examination of the facts of each particular case. *Edwards*, 2009 WL 2226222, at *3. "Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights." *Cihlar*, 39 S.W.3d at 180 (citations omitted). "In other words, privity is not established by parties being legally connected, either by contract, blood, or some other means, but rather whether they can claim the same legal

rights asserted to the subject matter." *Suntrust Bank v. Stoner*, No. 3:07-CV-397, 2009 WL 998403, at *2 (E.D. Tenn. Apr. 14, 2009).

To briefly review, the plaintiffs in *Goza I* claimed an interest in the trust assets as the intestate heirs of Ms. Goza. *Goza I*, 2011 WL 334507, at *2. The plaintiff in *Goza II* was Mr. Morrow in his capacity as administrator of Mr. Goza's Estate. *Goza II*, 397 S.W.3d at 565. In *Goza III*, the plaintiff was Mr. Goza's Estate. *Goza III*, 2013 WL 4766544, at *1. Despite their differing positions, we concluded that all of these parties were in privity for res judicata purposes. *See Goza II*, 397 S.W.3d at 571; *Goza III*, 2013 WL 4766544, at *6. They all had a mutual interest in relation to the trust and the disposition of its assets.

Appellants here share a mutuality of interest with relation to the subject matter—the trust and its assets—with the plaintiffs that have come before them. As intestate heirs of Mr. Goza, they inherit, if at all, through Mr. Goza's estate. *See Aclin v. Speight*, 611 S.W.2d 54, 55 (Tenn. Ct. App. 1980) (concluding that unborn heirs are in privity with prior contestants in a will contest because they had a successive interest in inheriting through a prior contestant). The chancery court properly dismissed Appellants' complaints as barred by the doctrine of res judicata.

## B. SUNTRUST'S REQUEST FOR ATTORNEYS' FEES

The Tennessee Uniform Trust Code provides, in part, "[i]n a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Tenn. Code Ann. § 35-15-1004(a) (2007). The decision to grant attorneys' fees under this section is within the discretion of the trial court. *Goza I*, 2011 WL 334507, at *8 (citing *Wachtel v. Shoney's, Inc.*, 830 S.W.2d 905, 909-10 (Tenn. Ct. App. 1991)). We may not reverse the trial court's decision to award or deny attorneys' fees at trial absent an abuse of discretion. *Id.* Here, we find no such abuse in the chancery court's denial of attorneys' fees at trial nor does SunTrust allege such. The chancery court's decision denying attorneys' fees is affirmed.

The decision to grant attorneys' fees under the Tennessee Uniform Trust Code on appeal is within our discretion. *Goza II*, 397 S.W.3d at 571 (citing *Fickle v. Fickle*, 287 S.W.3d 723, 738 (Tenn. Ct. App. 2008)). In light of the record, and given our prior decisions referenced above, we find an award of costs and attorneys' fees incurred on appeal is appropriate. Accordingly, we remand this case to the trial court for a determination of the appropriate amount of attorneys' fees and expenses to which SunTrust is entitled.

9

## IV. CONCLUSION

For the foregoing reasons, the judgment of dismissal is affirmed. We award SunTrust reasonable attorneys' fees and expenses incurred on appeal and remand to the chancery court for further proceedings consistent with this opinion.

_____
W. NEAL McBRAYER, JUDGE