IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2019

## LYTONIONA LEE ET AL. V. QUINCE NURSING AND REHABILITATION, LLC

### Appeal from the Circuit Court for Shelby County
No. CT-004363-18      Rhynette N. Hurd, Judge

_____

### No. W2019-00093-COA-R3-CV
_____

Nearly three years after the court dismissed the plaintiff's healthcare liability action against the defendant, Plaintiff filed this breach of contract action based on the same underlying facts and circumstances. The trial court dismissed the plaintiff's breach of contract claim as barred by the doctrine of res judicata. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON II and KENNY W. ARMSTRONG, JJ., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Lytoniona Lee.

S. Keenan Carter, Memphis, Tennessee, and W. Davis Frye, Ridgeland, Mississippi, for the appellee, Quince Nursing and Rehabilitation Center, LLC.

### OPINION

On January 27, 2014, Lytoniona Lee ("Plaintiff") filed a complaint as the personal representative of Pearline Small's estate against Quince Nursing and Rehabilitation Center, LLC ("Defendant") in Shelby County Circuit Court for wrongful death, violations of the Tennessee Healthcare Liability Act, violations of the Adult Protection Act, intentional infliction of emotional distress, negligence, and negligence per se ("*Small I*"). Pearline Small ("Ms. Small") was Plaintiff's aunt and resided at Defendant's nursing facility just prior to her death. Plaintiff alleged that in September 2012, medical staff employed by Defendant dropped Ms. Small while attempting to dress her for a dialysis appointment, and as a result of the fall, Ms. Small suffered severe injuries and died.

Defendant responded to Plaintiff's complaint by filing a motion to compel arbitration and to stay all proceedings, contending Plaintiff signed an enforceable contract on behalf of Ms. Small to arbitrate any and all disputes. Thereafter, Plaintiff agreed to submit the case to arbitration, and the court entered a consent order, referring the case to arbitration. Shortly following, Defendant filed a Tenn. R. Civ. P. 12.02 motion to dismiss, arguing, *inter alia*, that Plaintiff filed her complaint outside of the applicable statute of limitations. The arbitrator granted the motion, determining that the Tennessee Healthcare Liability Act provided Plaintiff with an exclusive remedy, and her healthcare liability claim was barred by the one-year statute of limitations for healthcare liability actions. The arbitrator also determined that Plaintiff lacked standing to bring a healthcare liability action on behalf of her aunt's estate. On October 30, 2015, the trial court adopted the arbitrator's order and dismissed Plaintiff's claims with prejudice. Plaintiff did not appeal the trial court's decision.

Nearly three years later, on September 25, 2018, Plaintiff commenced this action against Defendant in Shelby County Circuit Court, alleging the same underlying facts as alleged in *Small I* but claiming Defendant breached its contract with Plaintiff to provide Ms. Small with proper medical care. On December 14, the trial court entered an order dismissing Plaintiff's breach of contract claim based on the doctrine of res judicata[1], and Plaintiff appealed. [2]

---

[1] The trial court entered its ruling sua sponte. "In Tennessee, a trial judge can dismiss an action sua sponte whether one, all, or no defendants moved the court, based on res judicata." *Johnson v. General Motors Corp.*, 574 S.W.3d 347, 355 (Tenn. Ct. App. 2018) (citing *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 791 (Tenn. Ct. App. 2007)).

[2] On September 20, 2018, Plaintiff filed a motion to set aside the trial court's judgment in *Small I*, case number CT-000396-14, and the trial court denied it on the same day it dismissed Plaintiff's breach of contract claim, case number CT-004363-18. Though the trial court disposed of both Plaintiff's breach of contract claim and the motion to set aside on the same day, December 14, 2018, the trial court entered two separate orders. One order dismissed plaintiff's breach of contract claim in case number CT-004363-18. The other order denied Plaintiff's motion to set aside the judgment in *Small I* in case number CT-000396-14. In her notice of appeal, Plaintiff states that she is "appealing the final order entered on these matters on December 14, 2018" and only lists case number CT-004363-18, which was the order dismissing her breach of contract claim. Yet, in her brief on appeal, Plaintiff argues that the trial court erred by denying her motion to set aside the judgment in *Small I*. The purpose of a notice of appeal is to alert the appellee that the appellant intends to seek appellate review of the trial court's decision. *Howse v. Campbell*, No. M1999-01580-COA-R3-CV, 2001 WL 459106, at *2 (Tenn. Ct. App. May 2, 2001) (citing Tenn. R. App. P. 3 cmt. (f); Tenn. R. App. P. 13 cmt. (a)). To that end, Rule 3 of the Tennessee Rules of Appellate Procedure requires that the notice of appeal, *inter alia*, "designate the judgment from which relief is sought." Tenn. R. App. P. 3(f). Here, Plaintiff gave notice to Defendant that she was only appealing the dismissal of her breach of contract claim in case number CT-004363-18. Therefore, we will not address the trial court's decision to deny her motion to set aside, though she argues it extensively in her brief. *See First Nat'l Bank of Polk County v. Goss*, 912 S.W.2d 147, 151 (Tenn. Ct. App. 1995).

## ANALYSIS

The sole issue on appeal is whether the trial court erred in dismissing Plaintiff's breach of contract claim as barred by the doctrine of res judicata. This is a question of law, which we review de novo without a presumption of correctness. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

"The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Id.* Res judicata applies if (1) the judgment in the first suit was rendered by a court of competent jurisdiction, (2) the first suit involved the same parties or their privies, (3) the plaintiff asserted the same claim in both suits, and (4) the judgment in the first suit was final and on the merits. *Id.*

Plaintiff does not dispute that the judgment in *Small I* was rendered by a court of competent jurisdiction, involved the same parties or privies, and was final and on the merits. Rather, she argues that because she did not assert a claim for breach of contract in *Small I*, she should be permitted to assert it now.

Plaintiff misses the point. Res judicata is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), which is intended to promote finality in litigation and to conserve judicial resources, *Jackson*, 387 S.W.3d at 491. Accordingly, it "applies not only to issues actually raised and adjudicated in the prior lawsuit, but to 'all claims and issues which were relevant and which could reasonably have been litigated in a prior action.'" *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008) (quoting *Am. Nat'l Bank and Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979)). Plaintiff's claim for breach of contract arises out of the same incident and is based on the same facts and circumstances underlying all of the claims asserted in *Small I*. Because Plaintiff could have asserted a claim for breach of contract in *Small I*, res judicata applies to bar Plaintiff's breach of contract claim in this action.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Lytoniona Lee.

_____
FRANK G. CLEMENT JR., P.J., M.S.